(55 Misc. 28)

## MULLER et al. v. CITY OF PHILADELPHIA et al.*

(Supreme Court, Special Term, New York County.   October 12, 1906.)

DISCOVERY—PRODUCTION AND INSPECTION—BOOKS AND PAPERS—RIGHT TO REMEDY.

Where some of the executors or trustees have begun an action making the present condition of the estate an issue, they may be compelled, on application of the beneficiaries of the estate, to allow an inspection and discovery before the trial of the books and papers showing the condition of the estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 110–118.]

Action by Charles F. Muller and others, executors and trustees, against the city of Philadelphia and others.   Motion for an inspection and discovery.   Motion granted.

Walcott G. Lane, for plaintiffs.

Charles H. Tuttle, for defendant Thomas W. Evans Museum & Institute Society.

John B. Doyle, for defendant city of Philadelphia.

J. Noble Hayes, for defendants Muller and others.

Charles H. Conlon, for defendants W. W. Evans and others.

William L. Turner, for defendant Valois.

GIEGERICH, J.   All who have any possible interest in the property in the hands of the executors and trustees, whether such interest be that of beneficiaries under the will or that of heirs and next of kin, irrespective of the will, support this application for an inspection and discovery of the books and papers showing the condition of the estate. The executors and trustees, who undisputably hold the great property as fiduciaries, resist the motion, mainly on technical grounds.   They themselves, or some of them, have begun the action, and in their complaint make the present condition of the estate an issue, and yet seek to withhold information as to such condition until the day of the trial. Their relation as trustees extends to this information, as well as to the property in their hands, and they are under peculiar obligation to make to the beneficiaries, whom they represent and whose interests they have in keeping, a full disclosure as to their stewardship.   I do not think there has been such laches in making the application as to warrant a denial of the motion, nor do I think that the expense of producing the evidence should be borne by the applicant.   Of the good faith of the application there can be no doubt, nor of the materiality and competency and necessity of the evidence.   I have read carefully the brief submitted in opposition to the motion, but can find no merit in any of the points urged.

Motion granted, with $10 costs.   Settle order on notice.

*For opinion of Appellate Division, see 103 N. Y. Supp. 387.